IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, ) | C/A No.: 8:23-32-BHH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND NOTICE |
| ) | |
| MetaQuest; Facebook, Inc.; Regina Wells, ) | |
| Mark Zuckerberg; Johnny Howell, Sr.; and ) | |
| Johnny Howell, Jr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Andrew Marshall McElrath ("Plaintiff"), proceeding pro se, filed this action against MetaQuest, Facebook, Inc., Regina Wells, Mark Zuckerberg, Johnny Howell, Sr., and Johnny Howell, Jr. concerning alleged defamatory statements. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges he fronted Howell drugs in exchange for a promise to pay Plaintiff within the week. ECF No. 1-1 at 2. Plaintiff claims he and Howell agreed that Plaintiff would be allowed to confiscate Howell's enclosed trailer if Howell failed to pay. *Id.* Plaintiff says Howell failed to pay him, and he confiscated the trailer. *Id.* Plaintiff states Howell filed charges against him for theft of his trailer, and he was charged with grand larceny and put in jail. *Id.* Plaintiff alleges Mark Zuckerberg, Facebook, and MetaQuest allowed Regina Wells, Johnny Howell, Sr., and Johnny Howell, Jr. to post Plaintiff's entire criminal record on the social media website to support slandering statements about Plaintiff. *Id.* Plaintiff alleges the Howells and Wells also posted false statements about Plaintiff, together with degrading and humiliating comments, with ill intent to

ruin Plaintiff's reputation and any dreams he had of becoming a man of political power. *Id.* at 2–3. Plaintiff also claims the Howells and Wells destroyed his chance of gaining decent employment. *Id.* at 3. Plaintiff alleges Defendants' actions caused him to become severely depressed, and he attempted suicide which resulted in him having slurred speech, loss of feeling in his left arm, and nerve damage in his back and neck. *Id.* Plaintiff alleges Defendants violated his Fourth and Eighth amendment rights. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing

3

the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332; and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant Complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff fails to demonstrate facts to satisfy the requirements for diversity jurisdiction as Plaintiff and one of the Defendants are South Carolina citizens. Accordingly, the court does not have diversity jurisdiction over this case.

Second, the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff references a violation of the Fourth and Eighth Amendment in his Complaint and contends Defendants violated his constitutional rights. ECF No. 1-1 at 3–4. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges Defendants Regina Wells, Johnny Howell, Sr., and Johnny Howell, Jr. posted defamatory statements about Plaintiff on Facebook, and the posting of these statements were permitted by MetaQuest, Facebook, Inc., and Mark Zuckerberg even though the statements

4

violated the website's terms of service. These allegations by Plaintiff, however, are insufficient to establish Defendants as state actors. Purely private conduct such as that alleged against these defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over his claims, his Complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by March 24, 2023, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 10, 2023  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge