IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath,                )<br>                                                             )<br>                    Plaintiff,                         )<br>                                                             )     Civil Action No. 8:23-cv-32-BHH<br>v.                                                         )<br>                                                             )<br>MetaQuest; Facebook, Inc.; Regina     )             **ORDER**<br>Wells; Mark Zuckerburg; Johnny        )<br>Howell, Sr.; and Johnny Howell, Jr.,    )<br>                                                             )<br>                    Defendants.                    )<br>_____ ) | |

This matter is before the Court upon Plaintiff Andrew Marshall McElrath's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 10, 2023, Magistrate Judge Kaymani D. West issued an order notifying Plaintiff that his complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to establish that the Court has jurisdiction, and instructing Plaintiff to file an amended complaint by March 24, 2023. Plaintiff filed an amended complaint on March 20, 2023, which the Magistrate Judge reviewed. After reviewing Plaintiff's amended complaint, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss the matter without leave for further amendment because Plaintiff's amended complaint, like his original complaint, fails to establish that this Court has jurisdiction over his claims. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date,

no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because Plaintiff has not filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 42), and the Court **dismisses this action without prejudice and without issuance and service of process**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 11, 2023
Charleston, South Carolina